# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

—————————

m 01-11471
Summary Calendar

—————————

HANDY M. TEEMAC,

Plaintiff-Appellant,

VERSUS

WILLIAM J. HENDERSON,
POSTMASTER GENERAL,

Defendant-Appellee.

—————————————

Appeal from the United States District Court
for the Northern District of Texas

—————————————

July 26, 2002

Before JONES, SMITH, and
EMILIO M. GARZA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Handy Teemac sued the Postmaster General, claiming the United States Postal Service ("USPS") had fired him because of his religion. The district court dismissed because Teemac had failed to seek informal counseling within forty-five days of the alleged discrimination before filing a formal complaint with the Equal Employment Opportunity Commission ("EEOC"). The court rejected Teemac's request for equitable tolling. Finding no error, we affirm.

## I.

Teemac worked as a casual employee for the USPS. He alleges that the USPS violated the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by discharging him because of

his religious beliefs. Teemac claims he informed a supervisor that he could not work on Sundays but that the supervisor nonetheless scheduled him to work on a Sunday. Teemac did not show up, and in November 1996 the USPS fired him for failing to follow instructions.

## II.

In March 1997, Teemac filed a formal complaint with the EEOC. In June 1997, the USPS determined that he had failed to make a timely informal complaint to the EEOC counsel as required by 29 C.F.R. § 1614.105. The USPS dismissed Teemac's formal claim. The EEOC affirmed the USPS's decision but remanded for the USPS to conduct a supplemental investigation and determine whether Teemac had constructive or actual notice of the informal complaint requirement.

The USPS then found that Teemac had constructive notice of the informal counseling requirement and rejected Teemac's request for equitable tolling. The EEOC affirmed the agency's ruling and dismissed Teemac's formal complaint.

Teemac sued, explaining that he lacked actual notice of the informal counseling requirement. He worked for the USPS for only thirty-nine days, recently had immigrated to the United States, unsuccessfully sought advice from local attorneys, and could not understand the orientation session. He urges that these circumstances justify equitable tolling.

The district court found that Teemac had failed to seek counseling from an EEO officer within forty-five days of the adverse employment action. The court rejected Teemac's requests for equitable tolling, noting that he bore the burden of proving the need for tolling and relying on this court's strict requirements for tolling. The district court granted the USPS's motion to dismiss the complaint under FED. R. CIV. P. 12(b)(6).

## III.

Federal employees must seek informal counseling before they file an EEOC complaint. 29 C.F.R. § 1614.105(a). If the employee fails to do so, his claim is barred. *Pancheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992). The employee must establish waiver, estoppel, or equitable tolling to circumvent this requirement. *Id.*

### A.

We have not precisely defined the standard for reviewing a dismissal on the ground that the federal employee failed timely to seek informal counseling.[1] We must consider whether district courts owe deference to the EEOC's conclusion. We also must reconcile the boilerplate abuse of discretion standard for reviewing refusals to toll with the boilerplate *de novo* standard for reviewing dismissals on

---

[1] *Pacheco*, 966 F.2d at 906-07 (reviewing dismissal on pleadings for failure to seek informal counseling but failing to note the standard of review); *Henderson v. United States Veterans Admin.*, 790 F.2d 436, 441 (5th Cir. 1986) (reviewing agency and district court's dismissal for conformity with regulation but failing to describe the relevant standard of review). *See Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. Unit A Apr. 1981) (avoiding standard of review question by finding that district court had dismissed complaint prematurely and ordering further discovery on the question of equitable tolling); *Wilson v. Sec'y, Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995) (reviewing for arbitrariness and capriciousness the EEOC's decision about whether federal employee had timely filed an internal appeal).

the pleadings.

The district court reviewed the EEOC's refusal to toll *de novo*. In most cases, federal district courts review deferentially an agency's formal adjudication and review the agency's interpretations of its regulations for arbitrariness and capriciousness. The agency's factfinding need only be supported by substantial evidence.[2] The Civil Rights Act of 1964, however, provides federal employees with the same right to a *de novo* trial that private employees possess. District courts cannot presume the correctness of the EEOC's factual findings.[3] Parity trumps the deference normally afforded to administrative agencies.

We conclude that the *de novo* trial requirement extends to the EEOC's determination about equitable tolling. Section 1614.105 codifies the doctrine of equitable tolling. Although the regulation vests the agency with the responsibility for making the initial decision, the regulation also prescribes guidelines. The agency *must* waive the requirement if the employee lacked actual and constructive notice of the requirement; likewise, the agency *must* toll if outside events prevented the employee from seeking informal counseling.[4]

The regulation plainly limits agency discretion, and courts can interpret these regulatory limits as ably as can agencies. Parity requires that district courts apply the same standards that govern a private employer's civil action. Like every appellate court to consider the issue, we conclude that the district court should make an independent judgment about an employee's tolling request.[5]

---

[2] *Allentown Mack Sales & Serv., Inc.*, 522 U.S. 359, 366-67, 374 (1998) (explaining that the Administrative Procedure Act directs courts to review agencies for "reasoned decisionmaking," which requires arbitrary and capricious review of the agency's interpretation of its own regulations and substantial evidence review of its fact finding).

[3] *Chandler v. Roudebush*, 425 U.S. 840, 862 (1976) (requiring district court to conduct *de novo* trial even after EEOC had concluded that federal employee's title VII claim lacked merit); *id.* at 864 n.39 ("Prior administrative findings made with respect to an employment discrimination claim may, of course, be admitted as evidence at a federal-sector trial de novo.") (citations omitted). *See Century Marine Inc. v. United States*, 153 F.3d 225, 231 (5th Cir. 1998) (explaining that even where the Contracts Dispute Act prohibits administrative findings from being binding, the district court can consider them as evidence in a subsequent proceeding).

[4] The text provides:

The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2).

[5] *E.g.*, *Roman-Martinez v. Runyon*, 100 F.3d 213, 216, 218 (1st Cir. 1996) (reviewing, *de novo*, district court's dismissal at summary judgment because of employee's request for tolling informal counseling requirement based on mental condition); (continued...)

3

We now must consider our standard for reviewing the district court's decision.

A district court may refuse to toll limitations because it interprets a statute or regulation to prohibit tolling or because it refuses to exercise its equitable discretion to toll. Where the district court interprets a statute or regulation, appellate courts review *de novo*.[6] Where, however, the district court declines to exercise its equitable powers, we review decisions on the pleadings only for abuse of discretion.[7] As when deciding any

other motion on the pleadings, we assume the pleaded facts as true, and we will remand if the plaintiff has pleaded facts that justify equitable tolling.[8] "[R]aising the limitations defense in a motion to dismiss may easily be premature because facts tolling the running of the statute do not necessarily appear in the complaint." *Dawson*, 4 F.3d at 130 (citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1277 (West 2d ed. 1990)).

### B.

The regulation requires extension of the time limit where the employee was neither "notified" nor "otherwise aware" of the informal counseling requirement. 29 C.F.R. § 1614.105(a)(2); *Oaxaca*, 641 F.2d at 391. We review this interpretive question *de novo*. *Supra* note 6.

Providing adequate notification to employees generally is sufficient; the employer need not prove that an individual employee understood the notice.[9] Teemac does not

---

[5](...continued)
*Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1017 (1st Cir. 1979) (affirming district court's refusal to give deference to EEOC's classification of claim as timely); *Briones v. Runyon*, 101 F.3d 287, 290 (2d Cir. 1996) (noting district court's independent review and subsequently reviewing district court's decision); *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 575 n.4 (7th Cir. 1987) (noting potential conflict between authority vested by regulation and parity principle and choosing to exercise *de novo* review).

[6] *FDIC v. Dawson*, 4 F.3d 1303, 1308 (5th Cir. 1993) ("Because the district court held that equitable tolling was unavailable as a matter of law and did not withhold equitable tolling simply as a matter of discretion, we follow *Cruz* and apply the de novo standard of review."); *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 983-84 (5th Cir. 1992) (remanding because district court failed to consider Texas statute that mandates tolling statute of limitations until claimant turns eighteen).

[7] *United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000) (reviewing refusal to toll Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year time limit for abuse of discretion); *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (reviewing district court's conclusion
(continued...)

[7](...continued)
that AEDPA's time limit does not violate the Suspension Clause); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (reviewing, for abuse of discretion, decision not to toll); *Fisher v. Johnson*, 174 F.3d 710, 712-13 (1999) (explaining that district court's discretionary refusal to toll one-year time limit should be reviewed for abuse of discretion, even where made on the pleadings).

[8] *Shipp v. McMahon*, 234 F.3d 907, 911 (5th Cir. 2000), *cert. denied*, 532 U.S. 1052 (2001).

[9] *Pauling v. Sec'y of the Dep't of the Interior*, 160 F.3d 133, 136 (2d Cir. 1998) (refusing to find that informational posters created constructive notice because employee lacked access to those
(continued...)

4

argue that the USPS failed generally to notify its employees of the counseling requirement. For example, he acknowledges that the USPS distributed information about the informal counseling requirement during new employee orientation; posters also displayed the information. Teemac, instead, relies on his specific circumstances to prove that he excusably failed to learn about the informal counseling requirement. This argument sounds more like a traditional equitable tolling argument, or a request for tolling based on "other reasons."

### C.

We review for abuse of discretion a district court's decision not to exercise equitable tolling or extend the time limit for "other reasons." *Supra* note 7. The party who invokes equitable tolling bears the burden of proof.[10] Equitable tolling applies only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Courts grant requests for equitable tolling most frequently where "the plaintiff is actively

misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). In *dictum*, we have stated that equitable tolling may apply when an employee's "lack of sophistication" prevents him from understanding title VII's procedures. *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992).

Teemac's strongest argument for equitable tolling is his inability to speak fluent English; he claims the language barrier prevented him from understanding the instructions provided during new employee orientation. We previously have refused to toll statute of limitations based on an employee's lack of familiarity with English. In *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 709 (5th Cir. 1994), however, the employees' English-speaking attorney could interpret title VII's administrative requirements. Because Teemac did not have legal representation available at the new employee orientation, *National Association* does not resolve the question.

More persuasively, courts in a long line of cases have held that employees' ignorance of the law, even when stemming from illiteracy, cannot justify tolling.[11] Section 1614.105

---

[9](...continued)
areas but admitting possibility of constructive notice); *Jakubiak v. Perry*, 101 F.3d 23, 27 (4th Cir. 1996) (considering whether employee bulletin was "reasonably geared" to provide notice); *Clark v. Runyon*, 116 F.3d 275, 277-78 (7th Cir. 1997) (finding that USPS's prominent posters announcing requirement counted as notification, even if employee was not aware of informal counseling requirement); *Johnson v. Runyon,* 47 F.3d 911 (7th Cir. 1995) (explaining that "subjective ignorance alone does not automatically" require tolling under the regulation).

[10] *Wilson*, 65 F.3d at 404; *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992) ("[T]he plaintiff has the burden of demonstrating a factual basis to toll the period.") (citation omitted).

[11] *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (finding that even a *pro se* plaintiff can forfeit his rights if he sleeps on them); *Mohasoc Corp. v. Silver*, 447 U.S. 807, 825 (1980) (refusing to excuse lay persons from compliance with title VII statute of limitations even though some courts of appeals had adopted a more lenient interpretation of the time limit); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (explaining (continued...)

departs from this well-established principle by making the federal employee's knowledge of the informal counseling requirement relevant. The regulation, however, cabins the reasons that a district court may be *required* to toll. The regulation mandates tolling only where the employee lacks actual and constructive notice of the informal complaint requirement.

We read this regulation as a narrow exception, situated against the well-established background rule that employees are charged with knowing the law. Once the USPS notified its employees about the informal counseling requirement, Teemac had the obligation to investigate terms and conditions of employment left ambiguous because of his language deficiencies. We will not toll the time limit because of Teemac's lack of English fluency.

Teemac spoke to local lawyers and visited libraries in an attempt to understand his employment rights; he argues that he zealously pursued his rights and merely made a careless and understandable mistake. Although the employee's diligent pursuit of remedies is relevant, Teemac admits that, standing alone, it does not justify tolling. Outside the title VII context, courts have excused missed deadlines where plaintiffs filed a defective pleading.[12]

Teemac, however, *never* brought an informal complaint before the EEO counselor, even after the forty-five-day deadline had lapsed; he only filed the formal complaint.

Formal and informal complaints serve very different purposes; informal counseling fosters early and amicable dispute resolution. Discounting Teemac's good faith procedural mistake as minor would compromise the informal complaint requirement. We cannot excuse all inadvertent noncompliance as harmless.

Teemac also argues that he did not work at the post office very long, did not see the informational posters, and had a subordinate status as a casual worker. None of these arguments excuses noncompliance. The USPS provided information on the informal counseling requirement during employee orientation, at the beginning of Teemac's employment. The orientation material supplemented the posters. Although Teemac explains that casual workers received an abbreviated orientation, he does not argue that the USPS failed to provide them with the information on informal counseling. Nor does he contend that the USPS described casual workers as exempt from the informal counseling requirements.

AFFIRMED.

---

[11](...continued)
that even *pro se* litigants are charged with knowing and following the law); *Fisher*, 174 F.3d at 714 ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991) (finding that illiteracy and ignorance of the law cannot justify equitable tolling).

[12] *Burnett v. N.Y. Cent. R.R.*, 380 U.S. 424, 425-27 (1965) (finding that suit against railroad (continued...)

---

[12](...continued)
that employee improperly filed in state court would toll the federal statute of limitations); *Perez v. United States*, 167 F.3d 913, 918 (5th Cir. 1999) (tolling limitations period where plaintiff named national guard in wrong capacity and time limit subsequently lapsed).

6