IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-10981

Summary Calendar

_____

FRANK JOHN STANGEL,

Plaintiff-Appellant,

versus

FETTERLY & GORDON PA; GARY J. GORDON,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Northern District of Texas
(00-CV-1509)

_____

September 20, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Frank John Stangel appeals the dismissal of his complaint against Fetterly & Gordon and Gary Gordon as time-barred. He argues that the district court should have applied equitable tolling based upon Appellees' failure to return records from a previous lawsuit. We affirm.

We reject Stangel's argument that the limitations period should have been equitably tolled based upon Fetterly & Gordon's

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleged failure to return certain records. We apply equitable tolling only in rare and exceptional circumstances,[1] and the party who invokes equitable tolling bears the burden of proof.[2] Stangel failed to cite any legal authority supporting his argument and did not explain why the failure to return certain records prevented him from filing this complaint within the limitations period. Although we liberally construe briefs of pro se litigants, pro se parties still must brief the issues.[3] Indeed, Stangel's complaint indicates that he was aware of sufficient facts to know that his causes of action against Appellees accrued in December 1991 when Gordon withdrew from representing him.

Stangel also argues that the district court erred in relying on extrinsic evidence in ruling on the motion to dismiss and should have applied Rule 56 of the Federal Rules of Civil Procedure. The district court's determination that the action was barred by the applicable limitations period was based on the facts alleged in Stangel's complaint, and Stangel has failed to show that the district court considered extrinsic evidence in reaching its decision.

We also reject Stangel's argument that the district court erred in dismissing his case prior to issuing a scheduling order

---

[1] *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).

[2] *Id.*

[3] *Castro Romero v. Becken*, 256 F.3d 349, 354 n.2 (5th Cir. 2001) (quoting *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995)).

and denying his motion for mediation. The district court has discretion to control its docket by deciding an issue that was dispositive of the case before reaching any other issues,[4] and it did not abuse its discretion here.

For the first time on appeal, Stangel argues that the district court erred in allowing Linda Coffee, one of his attorneys in the district court, to represent him despite being suspended by the Texas Bar Association.  An appellant may not raise a new issue for the first time on appeal.[5]

Stangel's motion for permission to file a reply brief appendix is GRANTED.

AFFIRMED.

---

[4] *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998).

[5] *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).