**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 02-50473
Summary Calendar

DWAIN L. CADELL, Individually
and as Independent Executor
of the Estate of Alta B Caddell, Deceased

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA; TERRI K. TREVINO

Defendants-
Appellees.

-------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-01-CV-283
-------------------------------------------------------------
February 17, 2003

Before JONES, STEWART and DENNIS

PER CURIAM:[*]

Dwain Caddell appeals the district court's order dismissing for lacking subject matter

jurisdiction his action seeking a declaratory judgment declaring a lien in favor of the United States

to be void, and seeking an injunction enjoining the United States from foreclosing.  The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissed Caddell's case after determining that the limitations period provided in the applicable statute, 28 U.S.C. § 2401(a), had expired.

Caddell argues that the district court improperly converted the Government's motion under FED. R. CIV. P. 12(b)(1) into a motion for summary judgment without giving him a reasonable opportunity to present evidence to support his position that the court had jurisdiction to hear his claim.

Statutes of limitations defining the extent of a waiver of sovereignty are jurisdictional. E.g., United States v. Dalm, 494 U.S. 596, 608 (1990); Ramming v. United States, 281 F.3d 158, 165 (5th Cir. 2001); United States v. Gandy, 234 F.3d 281, 283 (5th Cir. 2000); Dunn-McCampbell Royalty Interest v. Nat'l Park Serv., 112 F.3d 1283, 1287 (5th Cir. 1997). A motion under Rule 12(b)(1) is thus the proper method of challenging a court's subject matter jurisdiction. Ramming, 281 F.3d at 161. The court need not convert a Rule 12(b)(1) motion into a motion for summary judgment when it considers matters outside of the pleadings. See Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 512 (5th Cir. 1980).

Caddell argues that the district court was not authorized to be the factfinder on the application of the statute of limitations. The district court did not err when it resolved disputed facts to determine whether it had subject matter jurisdiction over Caddell's claim. Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996).

Next, Caddell argues that the six-year limitations period provided in 28 U.S.C. § 2401(a) had not run as of September 2001, when he filed suit. We review de novo a district court's determination that a statute of limitations has run. Clymore v. United States, 217 F.3d 370, 373 (5th Cir. 2000). After a thorough review of the record, we agree with the district court that the l imitations period

began to run in 1984. Thus, Caddell's claim, filed in September 2001, was filed after the limitations period had expired.

Lastly, Caddell argues that the district court should have allowed his claim to have been equitably tolled. While this court has held that the limitations period provided in 28 U.S.C. § 2401(a) may be equitably tolled, Clymore, 217 F.3d at 374, we need not decide whether equitable tolling applies with respect to liens involving real property because Caddell has failed to establish that he would be entitled to equitable tolling.

Equitable tolling is only available in "rare and exceptional circumstances." Teemac v. Henderson, 298 F.3d 452, 457 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)). Equitable tolling is proper when "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period", or "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Caddell's argument for equitable tolling does not allege government misconduct or trickery, nor does it indicate that he actively pursued judicial remedies. As a result, Caddell cannot show that the district court abused its discretion in not extending equitable tolling to his claim.

Because the district court was not in error when it dismissed Caddell's complaint, its judgment is AFFIRMED.