United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-50607
Summary Calendar

DAVID MICHAEL RUIZ

Plaintiff-Appellant,

versus

THOMAS RIDGE, Secretary of the Department of Homeland Security-BICE

Defendant-Appellee.

Appeal from the United States District Court for
the Western District of Texas
(USDC No. 5:03-CV-992)

Before REAVLEY, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

David Michael Ruiz, who sued his former employer, the Department of Homeland

Security, for wrongful termination, appeals the district court's (1) grant of the Secretary's

motion to dismiss, and (2) denial of Ruiz's motion to reinstate. Reviewing the grant of

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) de novo, Zephyr

Aviation, L.L.C. v. Dailey, 247 F.3d 565, 570 (5th Cir. 2001), and the denial of the

motion to reinstate under Rule 60(b) for abuse of discretion, Edward H. Bohlin Co., Inc.

v. Banning Co., Inc., 6 F.3d 350, 353 (5th Cir. 1993), we affirm for the following

reasons:

1.      In the underlying lawsuit ("Lawsuit 2"), the second of two employment-

related suits Ruiz filed against the Department, the viability of Ruiz's

wrongful termination claim turned on the issue of whether Ruiz was

medically fit for duty, the Secretary claiming that he was not. While his

initial lawsuit for discrimination and retaliation ("Lawsuit 1") was pending

before the district court, Ruiz opted to file a "mixed case" appeal of his

subsequent termination of employment to the Merit System Protection

Board ("MSPB").[1]

Noting that the determination of whether Ruiz was medically fit to

perform the duties of his position was also one of the issues which might be

resolved in Lawsuit 1, the MSPB's Administrative Law Judge, ("the ALJ")

---

[1] Ruiz's wrongful removal claim is one where the underlying personnel action falls within the class of actions appealable to the MSPB and which also raises an allegation that a basis for the action was prohibited discrimination. See 5 U.S.C. § 7702(a)(1)(A) and (B). An employee with such a claim must make an election between filing a mixed complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") or filing a mixed appeal to the MSPB. 29 C.F.R. § 1614.302(a) and (b).

stayed and dismissed the appeal without prejudice ordering that, if the fitness issue was not resolved by the district court, Ruiz was to re-file his appeal within thirty days of receipt of judgment in that case. Ruiz did not re-file his appeal to the MSPB after either the partial dismissal of Lawsuit 1 or the grant of summary judgment on all remaining issues in that suit, neither action having disposed of the fitness for duty question, but instead filed Lawsuit 2 in district court.

2.  As a precondition to filing suit in federal court, a federal employee claiming discrimination must first exhaust administrative remedies in a timely fashion. If an employee fails to do so, the court is deprived of jurisdiction. See Tolbert v. United States, 916 F.2d 245, 247 (5th Cir. 1990).

In this case, having elected to appeal his termination to the MSPB, Ruiz was bound to abide by the procedures of that forum through completion of that appeal. The ALJ deferred to the district court in Lawsuit 1 to avoid dual adjudication on the fitness-for-duty issue, but did so with the express caveat that Ruiz was to continue pursuing his administrative remedies by refiling within thirty days of the district court judgment. Thus, while Ruiz properly initiated the administrative process, he did not return to it as judicially instructed. Accordingly, we find no error in the district court's holding that, because Ruiz had not exhausted his administrative remedies before filing suit, the court lacked jurisdiction over

3

his case.

3.    We find no abuse of discretion in the district court's denial of Ruiz's motion to reinstate. Ruiz argues that the court should have reinstated his case because, by the time the court dismissed his case for want of jurisdiction, his appeal with the MSPB was denied for untimeliness. This is not the type of changed circumstance warranting relief under Rule 60(b)(5). Ruiz could have, but did not, follow the instructions of the ALJ to timely refile his appeal with the MSPB following the dismissal of Lawsuit 1. The record indicates neither extenuating circumstances, see Teemac v. Henderson, 298 F.3d 452, 457 (5th Cir. 2002), nor lack of counsel, see Rolland v. United States Dep't of Veterans Affairs, 146 Fed. App'x 743, 746 (5th Cir. 2005) such as would weigh in favor of equitable tolling in this case.

AFFIRMED.

4