IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-30519
Summary Calendar

LOVE ALTONIO BROOKS

Plaintiff-Appellant

v.

FREDRICK MENIFEE; KENNETH MONTGOMERY; S AIRINGTON

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:07-CV-131

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Love Altonio Brooks, federal prisoner # 45225-053, filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The district court sua sponte dismissed Brooks's complaint as barred by the applicable one-year prescriptive (limitations) period and overruled Brooks's argument that he was entitled to equitable tolling. Brooks now appeals.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In determining whether a statute of limitations should be tolled, federal courts may look to state tolling provisions as well as to federal equitable tolling doctrines if appropriate. See Burge v. Parish of St. Tammany, 996 F.2d 786, 788 (5th Cir. 1993); Rodriguez v. Holmes, 963 F.2d 799, 805 (5th Cir. 1992). This court reviews a district court's decision regarding equitable tolling for abuse of discretion. Teemac v. Henderson, 298 F.3d 452, 457 (5th Cir. 2002). Brooks has the burden of demonstrating entitlement to equitable tolling. See id.

Under Louisiana law, limitations may be tolled if the plaintiff is legally unable to act. Harris v. Hegmann, 198 F.3d 153, 158 (5th Cir. 1999) This occurs: (1) when courts are legally closed; (2) when administrative or contractual restraints delay the plaintiff's action; (3) when the defendant prevents the plaintiff from bringing suit; and (4) when the plaintiff does not know nor reasonably should know of the cause of action. Under federal law, equitable tolling applies only rarely, usually where the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. Teemac, 298 F.3d at 457.

Approximately 30 days prior to the running of the prescriptive period, prison officials removed Brooks's personal and legal effects and placed them in storage in preparation for transferring Brooks to another facility in Pennsylvania for the taking of a deposition in a separate suit. Accordingly, during that time, Brooks was unable to complete and file his complaint. Once he was returned to his original facility on January 8, 2007, he acted diligently by filing his complaint just nine days later on January 17, 2007. See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.) (petitioner diligent where he filed for out of time appeal within three days of learning state habeas petition had been denied and filed federal habeas petition within one month of denial of out of time appeal), reh'g granted in part on other grounds, 223 F.3d 797 (5th Cir. 2000); see also Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995) (prisoner's pro se civil rights complaint is filed when delivered to prison officials for mailing).

2

Our conclusions are based on Brooks's unsworn and uncorroborated allegations. Because the district court dismissed the complaint sua sponte without an evidentiary hearing and prior to service of the suit on the defendants, further development of the record is necessary. We express no opinion on the ultimate resolution of this matter. For the foregoing reasons, the judgment of the district court is VACATED, and this matter is REMANDED for further proceedings consistent with this opinion.