# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10152

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2013

Lyle W. Cayce
Clerk

THOMAS LEE WILLIAMS,

Plaintiff-Appellant

v.

K. EDENFIELD, Warden; HARLEY G. LAPPIN, Director; ERIC HOLDER, Attorney General; UNITED STATES OF AMERICA,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:12-CV-76

Before JONES, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Thomas Lee Williams, federal prisoner # 91316-071, filed a civil action seeking declaratory and injunctive relief, as well as damages, for claims arising under the Federal Tort Claims Act (FTCA) and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), as a result of his confinement at Big Spring Correctional Institute from October 2008 until January 2011. The magistrate judge (MJ), who presided by consent, dismissed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and denied Williams's motion for leave to proceed in forma pauperis (IFP), certifying that the appeal was not taken in good faith. Williams now moves this court for leave to proceed IFP on appeal.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." § 1915(a)(3); *accord* FED. R. APP. P. 24(a)(3)(A). By moving to proceed IFP in this court, Williams is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997). This court's inquiry into a litigant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). In addition, when the district court's certification decision is inextricably intertwined with the merits of the case, this court may dispose of the appeal on its merits and, in the case of a frivolous appeal, may dismiss it sua sponte. *Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

In his brief before this court, Williams argues that the MJ misconstrued his complaint as stating only *Bivens* claims and asserts that the complaint should have been construed as raising both FTCA claims and *Bivens* claims. The remainder of Williams's brief is dedicated to two arguments. First, with the benefit of liberal construction, Williams argues that the MJ erred by determining that his FTCA and *Bivens* claims were time barred. Second, he argues that he is being denied the opportunity to bring his *Bivens* claims because he is being prevented from contacting witnesses to support his claims.

Williams does not challenge the MJ's determination that his *Bivens* claims against the defendants in their official capacities were frivolous; that his claims for injunctive relief were moot; and that his *Bivens* claims that

accrued after May 7, 2010, were frivolous because he failed to show that the defendants were personally involved in the alleged deprivation of his rights or that there was a basis for applying supervisory liability.  He has therefore abandoned any challenge to those determinations. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

This court reviews for abuse of discretion a district court's dismissal of a complaint as frivolous under § 1915(e)(2)(B)(i).  *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009).  A claim is frivolous if it lacks an arguable factual or legal basis. *Id.*

A review of Williams's complaint shows that, as determined by the MJ, his claims were all constitutionally based and not tortious in nature.  On appeal, Williams conclusionally states that his medical complaint was based on state tort law.  However, both in his complaint and in his brief before this court, Williams does not allege any negligence on the part of any medical provider, provides no argument as to Texas malpractice law, does not provide any detailed FTCA analysis, and does not attempt to indicate how that law might apply to the facts of his case.  *See, e.g., Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008).  As such, he has not demonstrated that the MJ erred by determining that he failed to state an FTCA claim and that his complaint was frivolous.  *See Brewster*, 587 F.3d at 767.

The limitation period for a *Bivens* action may be equitably tolled.  *See Clifford v. Gibbs*, 298 F.3d 328, 332-33 (5th Cir. 2002).  The district court's refusal to equitably toll a limitation period is reviewed for abuse of discretion. *See Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002).  Williams bears the burden of proving that he is entitled to equitable tolling.  *See id.* at 457.  Equitable tolling has been granted most frequently when a defendant has

No. 13-10152

actively misled a plaintiff about the cause of action or has prevented him in some extraordinary way from asserting his rights. *Id.*

Williams has not alleged facts that show that the *Bivens* defendants took any action to preclude him from filing his complaint within the two-year limitations period. *See Teemac*, 298 F.3d at 456. Furthermore, Williams has not demonstrated that he diligently pursued relief. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007). As such, he has not demonstrated that the MJ abused his discretion by denying equitable tolling. *Teemac*, 298 F.3d at 456.

To the extent that Williams is attempting to bring a due process claim based upon being prevented from talking to another federal inmate, we do not address it because he did not raise the issue below. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976).

Williams has not demonstrated that he will present a nonfrivolous issue for appeal. Accordingly, his motion for leave to proceed IFP is denied, and his appeal is dismissed as frivolous. *Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Williams's complaint as frivolous and the dismissal of this appeal as frivolous each count as a strike. *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Williams is warned that if he accumulates a third strike, he may not proceed IFP in any civil action or file an appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.