# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20298

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2014

Lyle W. Cayce
Clerk

MARILYN R. O'HARA,

Plaintiff - Appellant

v.

PATRICK R. DONAHOE, Postmaster General United States Postal Agency;
UNITED STATES POSTAL SERVICE; FREDRIC V. ROLANDO;
NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL-CIO, HOUSTON
BRANCH 283,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-563

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

Marilyn O'Hara appeals the dismissal and order denying reconsideration
of her Rehabilitation Act claim against Patrick Donahoe, Postmaster General
of the United States, and her suit against the National Association of Letter

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-20298

Carriers, AFL-CIO, Houston Branch 283 for breaching its duty of fair representation. We AFFIRM.

## I.

O'Hara was a letter carrier for the United States Postal Service ("USPS") based out of the North Shepherd Station in Houston, Texas. After she received a right knee replacement in 2007, the Office of Workers' Compensation Programs granted O'Hara paid leave while she recuperated. O'Hara returned to work in January 2008, but quickly reinjured her back and was again placed on leave with benefits. O'Hara underwent a Functional Capacity Evaluation and was limited to performing less strenuous work duties. Over the next two years, O'Hara declined several opportunities to go back to work but, after she was threatened with termination, accepted a position as a Modified City-Wide Letter Carrier starting June 22, 2010.

According to O'Hara's complaint, the USPS violated her medical restrictions on her first day back at work even though the Houston Station Manager, Gregory Meeks, indicated he was aware of her limitations. O'Hara alleges that she immediately contacted her union steward, Marion Ware, who promised to file a grievance on O'Hara's behalf. O'Hara was placed on leave the next day when she reinjured her back.

O'Hara first contacted an Equal Employment Opportunity ("EEO") counselor on August 9, 2010, with complaints that Meeks had discriminated against her in violation of the Americans with Disabilities Act and the Rehabilitation Act. She filed an EEO complaint on September 29, 2010.

The EEO dismissed O'Hara's complaint because she failed to contact a counselor within forty-five days of the alleged discrimination on June 22, 2010, as required by agency guidelines. O'Hara's appeal to the Equal Opportunity Employment Commission ("EEOC") was also dismissed on the same grounds. Contemporaneously, in December 2011, the USPS began the process of

terminating O'Hara's employment. O'Hara received a notice of separation on January 12, 2012, and contacted a union steward about her impending termination who told her "there is nothing that can be done." O'Hara's employment was terminated on February 10, 2012.

O'Hara then filed the present case against Donahoe. After Donahoe moved to dismiss the initial complaint, O'Hara filed an amended complaint on September 16, 2013, and added her union, the National Association of Letter Carriers ("NALC"), as a defendant. She alleges that the USPS failed to honor her medical restrictions by forcing her to do work inconsistent with her disability and by terminating her from her position in violation of the Rehabilitation Act.[1] O'Hara also alleges that the NALC breached its duty of fair representation by failing to file a grievance against the USPS on O'Hara's behalf.

Both Donahoe and the NALC filed motions to dismiss. Donahoe argued that O'Hara failed to satisfy the forty-five day requirement for contacting an EEO counselor, while the NALC maintained that O'Hara failed to file a complaint against it within the six-month statute of limitations. The district court agreed, dismissed the amended complaint and subsequent motion for reconsideration on these grounds, and entered a final judgment. O'Hara timely appealed the dismissal of both her complaint and her motion for reconsideration.

---

[1] Although O'Hara's complaint also references the Americans with Disabilities Act, "the Rehabilitation Act . . . constitutes the exclusive remedy for a federal employee alleging disability-based discrimination." *Dark v. Potter*, 293 F. App'x 254, 258 (5th Cir. 2008) (unpublished).

No. 14-20298

II.

Federal employees must seek informal counseling within forty-five days of an adverse employment action as a prerequisite to filing an EEOC complaint. 29 C.F.R. § 1614.105(a). If an employee fails to satisfy this requirement, their claim is barred. *Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2002). However, an employee is entitled to an extension of the time limit if the employee was neither "notified" nor "otherwise aware" of the requirement or if the employee was prevented by circumstances beyond their control from contacting a counselor within the time limits. § 1614.105(a)(2). Whether an employee is entitled to an extension on these grounds is reviewed de novo. *Teemac*, 298 F.3d at 456. An employee can also avoid the time constraint by establishing waiver, estoppel, or equitable tolling. *Id.* at 454. We review the district court's decision not to exercise equitable tolling for abuse of discretion. *Id.* at 457.[2]

This court does not require employers to prove that individual employees were aware of the counseling requirement; they need only prove that they provided adequate notice. *See Id.* at 456. According to USPS employees,

---

[2] Donahoe raises a question about federal subject matter jurisdiction under *Gilbert v. Donahoe*, 751 F.3d 303 (5th Cir. 2014). *Gilbert* held that a collective bargaining agreement jurisdictionally barred a postal employee from asserting Rehabilitation Act claims in federal court when the employee had already pursued those claims in arbitration and suggested in dicta that all Rehabilitation Act claims are barred under the agreement. *Id.* at 310. We need not evaluate whether the collective bargaining agreement at issue here precludes federal jurisdiction, as "[i]t is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999). O'Hara's failure to exhaust her administrative remedies by seeking informal counseling is such a threshold, non-merits issue that avoids the "arduous inquiry" into subject matter jurisdiction. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 n. 4 (2005) (describing the denial of a habeas petition for a failure to exhaust remedies as a "ruling which precluded a merits determination"); *Pacheco v. Mineta*, 448 F.3d 783, 795 (5th Cir. 2006) (suggesting that failure to exhaust remedies is a prerequisite to suit that may be jurisdictional); *see also Valenzuela v. Silversmith*, 699 F.3d 1199, 1205 (10th Cir. 2012) (holding that exhaustion is a threshold, non-merits issue).

informational posters advertising the appropriate method of pursuing an EEO grievance and articulating the forty-five day time limit were placed near the break room, men's restroom, time clocks, and front window at the North Shepherd Station. O'Hara disputes the placement of posters by the time clocks and front windows, and believes placement of notices in the break room was insufficient because she "never went to the break room" and spent most of her days delivering mail, not working at North Shepherd Station. Further, she "had no reason to look for said poster in 2008."[3] However, O'Hara concedes that she visited the North Shepherd Station each day to clock in and out of work and had access to the break room. While O'Hara may have subjective reasons for failing to notice the informational posters, the placement of informational posters in areas accessible to O'Hara satisfies USPS's duty. *See Teemac*, 298 F.3d at 457 (holding that an employee is not entitled to an extension under § 1614.105(a)(2) when he "relies on his specific circumstances to prove that he excusably failed to learn about the informal counseling requirement").

O'Hara also argues that she was prevented by circumstances beyond her control from contacting an EEO counselor, namely her union steward's failure to file a grievance on her behalf. *See* § 1614.105(a)(2). We disagree. The forty-five day statute of limitations for contacting an EEO counselor runs from the date of the adverse employment action. *See Pacheco v. Rice*, 966 F.2d 904, 906

---

[3] O'Hara also cites to a letter from an EEO Services Analyst stating that O'Hara received a copy of Publication 133, *What You Need to Know About EEO*, for the proposition that she only received notice of the EEO counseling deadline on August 17, 2010, after she had filed her EEO complaint. Donahoe argues that O'Hara waived this argument by failing to raise this issue before the district court. *See Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 601 (5th Cir. 2005). Even if O'Hara did raise this issue in the court below, the letter does not state that the publication was the sole notification of the EEO counseling time limit. USPS need not provide a panoply of sources describing EEO procedures; the informational posters placed throughout the facility were adequate.

No. 14-20298

(5th Cir. 1992).  We have never held that the time limit is tolled by an employee's decision to initiate union grievance procedures.  Indeed, postal workers can pursue both statutory and grievance procedures simultaneously, and the decision to forgo one does not affect the other.  *Maddox v. Runyon*, 139 F.3d 1017, 1020–21 (5th Cir. 1998).  While O'Hara may have chosen to wait for her union to file a grievance before speaking to her EEO counselor, she was not compelled to do so.

O'Hara also contends that equitable tolling of the forty-five day time limit is warranted.  Equitable tolling is most commonly merited where the plaintiff has been misled about her rights or has been prevented in some extraordinary way from exercising those rights.  *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  Given the adequate placement of informational posters at O'Hara's workplace, and the lack of any relevant, mitigating facts, O'Hara fails to demonstrate sufficiently "rare and exceptional circumstances" to merit tolling.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002).  Accordingly, the district court's decision not to exercise equitable tolling was not an abuse of discretion.

### III.

The district court also dismissed O'Hara's claim against the NALC for breaching its duty of fair representation on the grounds that she failed to file her claim within the six-month statute of limitations.  Although O'Hara proceeds pro se and we construe her brief liberally, her duty of fair representation claim must be briefed to preserve it for appeal.  *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).  Accordingly, O'Hara abandoned this issue when she failed to provide facts and law to support her argument. *Id.*

However, even if O'Hara had not abandoned her argument, her duty of fair representation claim was rightfully dismissed for failure to comply with the six-month statute of limitations. 29 U.S.C. § 160(b); *see Barrett v. Ebasco Constructors, Inc.*, 868 F.2d 170, 171 (5th Cir. 1989). O'Hara had six months from when she knew or should have known of the breach to file her complaint. *See Farr v. H.K. Porter Co.*, 727 F.2d 502, 505 (5th Cir. 1984). O'Hara alleges NALC breached its duty when it failed to file a grievance on her behalf. At the latest, O'Hara should have known of NALC's failure to file a grievance when she was told by her union steward shortly before February 12, 2012, that "there [was] nothing that [could] be done" about her impending termination. O'Hara nevertheless waited until September 2013 to file her initial complaint against the NALC, far outside the six-month window.

Lastly, O'Hara also appeals the district court's denial of her motion for reconsideration. FED. R. CIV. P. 59(e). A motion for reconsideration provides an avenue for litigants to "clearly establish either a manifest error of law or fact or [] present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotation marks omitted). The district court does not abuse its discretion where, as here, the movant fails to provide new evidence or demonstrate a manifest error of law in the court's previous decision. *Id.* Denial of her motion for reconsideration was proper.

AFFIRMED.