# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41292
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 20, 2016

Lyle W. Cayce
Clerk

MONTY SHELTON,

Plaintiff-Appellant,

v.

BEINVENIDO LEON, Unit Counselor; MICHAEL MATTIS, Treatment
Specialist; PATRICK POWDRILL, Treatment Specialist,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:12-CV-461

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Monty Shelton, federal prisoner # 10426-078, brought this *Bivens* action
against the defendants, alleging that they violated his Eighth Amendment
rights by failing to protect him from another inmate.  The district court
dismissed Shelton's complaint under 28 U.S.C. § 1915 after determining that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-41292

the complaint was time barred.  Our review is *de novo*.  *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Under the Prison Litigation Reform Act, exhaustion of administrative remedies is "required for any suit challenging prison conditions," including a *Bivens* claim.  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  As the district court noted, Shelton concedes that even to date, he has never exhausted his administrative remedies.  *See Huff v. Neal*, 555 F. App'x 289, 292–93 (5th Cir. 2014) (describing the Bureau of Prisons' four-step administrative process for resolving grievances by inmates, which generally requires an inmate to file within twenty days of the incident both an informal resolution form (BP–8) and a formal Administrative Remedy Request (BP–9) to begin the process).

Shelton argues that he is entitled to equitable tolling because he was transferred to state custody a mere three days after the assault and was not provided federal administrative forms.  However, he was returned to federal custody in 2005 and yet still waited until 2012 to file any administrative form with the Bureau of Prisons (BOP).[1]  Even if Shelton had had the benefit of equitable tolling during the time he was in state custody, his 2012 filing still would not have met the twenty-day deadline for filing the BP-8 and BP-9 forms.  Furthermore, Shelton has never filed the remaining administrative forms necessary to exhaust his administrative remedies.  *See Huff*, 555 F. App'x at 293 (explaining that there are four steps to exhausting BOP

---

[1] Shelton argues that he should be exempt from the administrative deadlines because when he returned to federal custody in 2005 and attempted to utilize the administrative process, his counselor told him it was too late to file a grievance since the assault had occurred thirteen months earlier.  While we have granted equitable tolling when a defendant "has actively misled a plaintiff about the cause of action or has prevented him 'in some extraordinary way from asserting his rights,'" Shelton's counselor's advice was technically correct and, more importantly, there is no evidence the defendants actually prevented Shelton from filing an administrative form.  *Wilson v. US Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011) (quoting *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002)).

No. 14-41292

administrative remedies, which requires filing forms BP–8 through BP–11, and "[a]n inmate has not exhausted his administrative remedies until his claim has been denied at all levels"). Because Shelton has not exhausted his administrative remedies, the district court properly dismissed his complaint. *Woodford*, 548 U.S. at 90, 93–94 (holding that exhaustion of administrative remedies is still required to bring a federal suit, even when administrative remedies are no longer available due to the inmate's failure to meet the administrative deadlines: "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . .").

AFFIRMED.