# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2025

Lyle W. Cayce
Clerk

No. 24-10446

———————

Veronica Dent,

*Plaintiff—Appellant*,

*versus*

Denis McDonough, *Secretary, United States Department of Veterans Affairs*,

*Defendant—Appellee*.

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2601

———————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Veronica Dent brought federal claims against Dennis McDonough, in his official capacity as Secretary, Department of Veterans Affairs. The district court granted summary judgment in favor of the Defendant-Appellee and denied Dent's motion for leave to amend her complaint. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5TH Cir. R. 47.5.

No. 24-10446

## I.

Plaintiff-Appellant Dent was an employee of the Department of Veterans Affairs ("VA") for fifteen years. After facing internal discipline and being issued a notice of proposed removal, Dent entered into a last chance agreement ("LCA") with the VA in July 2020 that allowed her to continue working and would rescind her termination if she did not engage in any misconduct for two years. In March 2021, Dent was designated absent without leave ("AWOL") for running a personal errand during working hours. Several months later, on July 6, the VA informed Dent that, because her March AWOL designation was in violation of the LCA, she was to be terminated effective July 10, 2021. The next day, Dent contacted several VA employees to attempt to resign in lieu of termination. Due to difficulties determining how to resign, Dent continued to work until July 9, 2021, when she turned in her Personal Identification Verification Card and ceased any work at the VA.

On October 25, 2021, Dent asserts she spoke with someone from the Texas Workforce Commission ("TWC"), who told her she did not qualify for unemployment because TWC's records showed her as still employed by the VA.[1] Dent states that immediately after learning this, she contacted a member of the VA payroll department who informed her that the department had only received her separation documents on September 24, 2021, and had not yet processed them, and advised her she could file a complaint. That same day, Dent contacted an Equal Employment Opportunity ("EEO") counselor for the first time to make an informal complaint. Dent received a notice of right-to-file a discrimination complaint on November 18, 2021.

---

[1] Contrary to Dent's assertion, the record shows that the TWC mailed her a letter on October 21, 2021, indicating she was approved for unemployment.

2

Dent then filed a formal EEO complaint alleging wrongful termination and stating her "actual termination date occurred according to payroll 9/24/21." The EEO investigator determined that Dent resigned in lieu of being terminated on July 9, 2021, and therefore dismissed her complaint as untimely.

Dent then brought this suit alleging the VA violated Title VII of the Civil Rights Act of 1964 by engaging in disparate treatment in relation to her March 2021 AWOL determination and constructive discharge in relation to her removal from her position. Defendant-Appellee moved for summary judgment on multiple grounds, including that Dent's EEO complaint was untimely. Dent opposed the motion and sought to amend her complaint to include additional defendants, though the court's scheduling deadline had already passed. The district court granted the motion for summary judgment—holding Dent's claims were untimely and that she had failed to exhaust her administrative remedies—and denied Dent's motion for leave to amend as futile and for failure to show good cause. This appeal followed.

## II.

This court reviews grants of summary judgment de novo. *Moore v. LaSalle Mgmt. Co.*, 41 F.4th 493, 502 (5th Cir. 2022). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reviewing the record, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Where "the application of equitable tolling [is] a fact-specific, discretionary matter, the appropriate standard of review is abuse of discretion." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). And

"this court reviews the denial of a motion for leave to file an amended complaint for abuse of discretion." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010).

## III.

"Generally, discrimination claims alleging conduct that occurred more than 45 days before the initiation of administrative action (contacting an EEO counselor) are time barred in a subsequent action in federal court." *Pacheco v. Mineta*, 448 F.3d 783, 791 n.11 (5th Cir. 2006). On appeal, Dent argues she made timely contact with the EEO because she was not actually terminated until either September 24, 2021 or October 25, 2021—days on which TWC and VA employees allegedly told her she remained on the VA payroll—and she subsequently contacted an EEO counselor on October 25, 2021.[2] But the 45-day period began to run at the latest on either Dent's effective termination date of July 10, or her resignation date of July 9—not the date when any final paperwork was completed.[3] *See Ramirez v. City of San Antonio*, 312 F.3d 178, 181–82 (5th Cir. 2002) (noting that plaintiff's limitations period for an allegedly discriminatory transfer began when the agency "notified him about the transfer" despite agency's delay in filing paperwork to document related changes). That Dent subsequently attempted to resign, turned in her access credentials, and ceased performing any work

---

[2] Dent does not dispute that the portion of her EEO complaint concerning her March 2021 AWOL determination falls outside of the 45-day limit, but she argues that limit should be extended or tolled, as discussed below.

[3] Dent also argues that whether she resigned or was terminated constitutes a disputed material fact that precludes summary judgment. Yet her method of departure would not change her date of departure such that it would fall within the 45-day period and thus is not material. *See Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) ("A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law.").

or receiving any salary on July 9, 2021, further undercuts her argument that the cause of action did not begin accruing until months later. *See Burfield v. Brown, Moore & Flint, Inc.*, 51 F.3d 583, 589 (5th Cir. 1995) (per curiam) ("Where, as here, the employee was informed that he was being terminated . . . on his last day of actual work and where he understood that he was being terminated, the cause of action accrues on that day.").

Dent asserts her delay beyond the 45-day period should be excused by either the terms of the statute or equitable tolling. Under the relevant statute, the EEO Commission must extend the 45-day limit in certain circumstances including when an aggrieved person shows either that she was not notified of the limit nor otherwise aware of it, or that extrinsic circumstances prevented her from complying despite her due diligence. 29 C.F.R. § 1614.105(a)(2). However, as the district court correctly noted, the VA took sufficient steps to make employees generally aware of the 45-day limit. *See Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002). And as the district court again noted, none of Dent's allegations constitute extrinsic circumstances that prevented her from complying.

Similarly, equitable tolling is "a narrow exception" that should be "applied sparingly." *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011). And "[t]he party who invokes equitable tolling bears the burden of proof." *Teemac*, 298 F.3d at 457. For example, courts will consider tolling when a plaintiff demonstrates that a defendant employer's misconduct caused the plaintiff to fail to meet the deadline. *Id*. But here, as the district court comprehensively addressed, Dent cannot demonstrate how her case warrants that sparing application. Thus, the district court did not abuse its discretion by declining to apply equitable tolling.

Dent also argues that the district court erred by denying her motion for leave to amend her complaint. Rule 16(b), which governs amendment of

pleadings after a scheduling deadline, requires a good cause showing that the movant could not have reasonably met the deadline despite acting diligently. *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021). As the district court noted, "Plaintiff did not make the required showing because she failed to address this good cause standard entirely." Although Dent now at least references the good cause standard on appeal, "arguments not raised before the district court are waived and will not be considered on appeal." *Celanese Corp. v. Martin K. Eby Constr. Co.*, 620 F.3d 529, 531 (5th Cir. 2010). Further, despite Dent's failure to show good cause, the district court still considered the proposed amendment, found it futile, and therefore did not abuse its discretion in denying leave to amend. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014); *see also Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008) ("A district court has 'broad discretion to preserve the integrity and purpose of the pretrial order.'" (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003))).

## IV.

Finding no reversible error in the district court's proceedings, we AFFIRM.