# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2010

No. 10-60452
Summary Calendar

Lyle W. Cayce
Clerk

BER'NEICE HARRIS,

Plaintiff–Appellant

v.

BOYD TUNICA, INC.,

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Mississippi

Before WIENER, PRADO, and OWEN, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Plaintiff–appellant Ber'Neice Harris appeals the district court's dismissal of her Title VII action for failure to timely file her complaint. Harris argues that the ninety-day filing period for her religious discrimination action should be equitably tolled because the delay was caused not by the plaintiff but by a clerical error made by her attorney's paralegal. We agree with the district court that equitable tolling does not apply to normal situations of attorney negligence or inadvertence. Accordingly, we AFFIRM the district court's order dismissing the Title VII case for failure to timely file the complaint.

No. 10-60452

Harris was a revenue auditor at Sam's Town Casino, which is owned by the defendant–appellee, Boyd Tunica, Inc. Harris alleges that Boyd Tunica discriminated against her on the basis of religion when it terminated her employment. On December 11, 2008, the Equal Employment Opportunity Commission (EEOC) mailed Harris a "right to sue"notice informing her that it was closing the file on her employment discrimination charge and that she may file a lawsuit against the defendant. The notice clearly stated that her "lawsuit must be filed within 90 days of . . . receipt of this notice," otherwise the right to sue based on this charge would be lost.

Harris hired a lawyer, James Bell, to file suit on her behalf. She alleges that she regularly checked with her lawyer on the progress of her case. Bell allegedly requested his paralegal note the ninety-day filing deadline on the calendar and also mark the dates fifteen, thirty, and forty-five days before the deadline. The paralegal made a clerical error and skipped a month when counting days and marking the calendar. She erroneously marked the filing deadline as April 10, 2009 instead of March 16, 2009. Consequently, the complaint was not filed in federal court until April 8, 2009, which was outside of the ninety-day filing deadline.

Boyd Tunica, Inc. moved to dismiss the claim for failure to state a claim because Harris did not file her complaint until April 8, 2009, 118 days after the right-to-sue notice was mailed. Boyd Tunica, Inc. argued that even applying a liberal presumption that Harris did not receive the notice until seven days after it was mailed, Harris's filing was outside the ninety-day period established in 42 U.S.C. § 2000e-5(f)(1) and therefore must be dismissed. The district court granted the defendant's motion to dismiss. The district court rejected Harris's argument that the ninety-day filing period should be equitably tolled, noting that equitable tolling "does not normally apply to situations of attorney

No. 10-60452

inadvertence or the inadvertence of the attorney's staff" because a party is bound by the acts of her lawyer/agent.

We review de novo a district court's ultimate decision to dismiss an action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). However, we review a district court's decision not to exercise its equitable tolling powers for abuse of discretion. *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002).

Neither party disputes that Harris was untimely in filing her complaint outside of the ninety-day filing period or that a district court may dismiss an action under Rule 12(b)(6) for failure to comply with Section 2005e-5(f)(1)'s ninety-day filing requirement. Consequently, we only address whether the district court abused its discretion in declining to toll the ninety-day filing period. Section 2000e-5(f)(1) requires a civil action be commenced within ninety days after the plaintiff has received a right-to-sue notice from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). The ninety-day filing requirement is not a jurisdictional prerequisite, but more akin to a statute of limitations. *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985). Thus, the ninety-day filing requirement is subject to equitable tolling. *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 349 n.3 (1983).

We have previously stated that equitable tolling applies only in "rare and exceptional circumstances." *Teemac*, 298 F.3d at 457 (internal quotation marks and citation omitted). Courts have typically extended equitable tolling where "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."

No. 10-60452

*Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 & nn. 3–4 (1998); *see Teemac*, 298 F.3d at 457.

The district court relied on *Irwin v. Department of Veterans Affairs*. 498 U.S. 89 (1998). We find this reliance apt. In that case, the Supreme Court considered a complainant's argument that his failure to timely file his complaint in accordance with a similar thirty-day filing period under another provision of Section 2000e should be excused because his attorney was absent from the office when the EEOC notice was received. *Id.* The Supreme Court noted that "[u]nder our system of representative litigation, each party is deemed bound by the acts of his lawyer-agent . . . ." *Irwin*, 498 U.S. at 456. The Supreme Court further held that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin*, 498 U.S. at 97.

If Harris herself had mismarked the days on her calendar, a court would not be obligated to equitably toll the ninety-day filing deadline. Merely because the negligence was on the part of her attorney and his staff does not entitle Harris to equitable tolling—a party is bound by the acts of her lawyer. This is another garden variety act of attorney negligence. Consequently, we do not find the district court abused its discretion in declining to equitably toll the ninety-day filing period.

AFFIRMED.