# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60833
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2016

Lyle W. Cayce
Clerk

REFUGIO AVILA-PEREZ, also known as Refugio Avila,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 834 404

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Refugio Avila-Perez, a native and citizen of Mexico, petitions for review of the order of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. The BIA denied the motion as untimely and declined to reopen the proceedings sua sponte. In his petition for review, Avila-Perez argues that the BIA abused its discretion in denying his motion, erred in finding that equitable tolling was not warranted, and should have exercised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60833

its sua sponte authority to reopen the removal proceedings.  He asserts that he acted with due diligence because he filed his motion immediately after he consulted an attorney and that the BIA's denial of the motion has resulted in a violation of his due process rights.

We lack jurisdiction to review whether the BIA should have exercised its sua sponte authority to reopen the case.  *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008).  The BIA's denial of the motion to reopen as untimely is reviewed for an abuse of discretion.  *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016); *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (reviewing a determination that equitable tolling is not warranted for an abuse of discretion).  Motions to reopen removal proceedings are disfavored, and the moving party must satisfy a heavy burden. *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 549 (5th Cir. 2006).  To be entitled to equitable tolling, an alien must show that he pursued his rights with "reasonable diligence" and that an extraordinary circumstance beyond his control prevented him from complying with the applicable deadline.  *Lugo-Resendez*, 831 F.3d at 344.

Avila-Perez has not shown that the BIA abused its discretion.  Although Avila-Perez relies on *United States v. Chapa-Garza*, 243 F.3d 921, 927 (5th Cir. 2001), to show a change in the law, *Chapa-Garza* was decided in 2001, and he did not file his motion to reopen until 2015.  Even if he is correct that he could not have filed the motion until 2012 when this court invalidated the post-departure bar in *Garcia-Carias v. Holder*, 697 F.3d 257 (5th Cir. 2012), he did not file his motion until three years later in 2015.  He states that he filed the motion immediately after he consulted an attorney in January 2015, but he does not explain why he could not have consulted an attorney at an earlier date.  Because he did not argue in his motion filed in the BIA that the delay

No. 15-60833

should be excused because he had difficulty negotiating immigration laws and was an illegal alien and because it did not prejudice the Department of Homeland Security, these arguments are unexhausted and will not be considered. *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009). Further, contrary to his argument, the change in the law concerning whether his DWI conviction is an aggravated felony for removal purposes did not affect the validity of the conviction. Finally, Avila-Perez has not shown that the BIA violated his due process rights by denying his motion to reopen the proceedings. *See Ovalles v. Holder*, 577 F.3d 288, 299 (5th Cir. 2009); *Altamirano-Lopez*, 435 F.3d at 550-51.

For the foregoing reasons, Avila-Perez's petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.