# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-20134
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 14, 2019

Lyle W. Cayce
Clerk

DOVIE LAVETTE WILLIAMS,

> Plaintiff - Appellant

v.

TH HEALTHCARE LIMITED, Park Plaza Hospital (Parent Organization: Amisub of Texas, Incorporated),

> Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-4116

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

On October 29, 2018, Dovie Williams filed this pro se lawsuit against her former employer, TH Healthcare Limited, Park Plaza Hospital ("TH Healthcare"), pursuant to Title VII and the Americans with Disabilities Act.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20134

On January 17, 2019, TH Healthcare moved to dismiss Williams's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), contending they were untimely. Eleven days later, before Williams had an opportunity to respond to TH Healthcare's motion to dismiss, the district court dismissed Williams's claims, finding they were time-barred because Williams had not filed suit within ninety days of receiving a right-to-sue letter.[1] Williams timely appealed. We reverse.

For purposes of this appeal, we accept Williams's allegations as true. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Once a claimant receives a right-to-sue letter, he has ninety days to file a civil action. 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (ADA). In assessing the timeliness of a Title VII or ADA claim, the court excludes the "day of the event that triggers the period," counts "every day, including intermediate Saturdays, Sundays, and legal holidays," and includes "the last day of the period, but if the last day is a Saturday . . . the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1). Williams received a right-to-sue letter for her Title VII and ADA claims on July 29, 2018. The ninety-day deadline for filing suit fell on Saturday, October 27, 2018. Williams thus had until the following Monday, October 29, 2018, to file suit. Williams filed suit that day. Her lawsuit was therefore timely and the district court erred in dismissing it.[2]

---

[1] TH Healthcare did not seek dismissal on jurisdictional grounds. Nevertheless, the district court concluded that it "d[id] not have jurisdiction over Dovie Williams's claims because she did not sue within ninety days of receiving the [right-to-sue] letter." The ninety-day filing requirement, however, "is not a jurisdictional prerequisite, but more akin to a statute of limitations." *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). The court therefore treats the district court's order as a dismissal of Williams's claims pursuant to Rule 12(b)(6) for failing to comply with the ninety-day filing requirement. *See id.*

[2] TH Healthcare alternatively moved to dismiss Williams's claims based on an arbitration provision in Williams's employment agreement. On appeal, TH Healthcare contends that, even if

No. 19-20134

Accordingly, the district court's judgment is REVERSED, and the case is remanded for further proceedings.

---

Williams's claims are timely, the court should affirm on this alternative ground.  But the district court did not consider whether Williams's claims are subject to arbitration; nor did it give Williams the opportunity to respond to TH Healthcare's motion to dismiss.  The court therefore declines to consider the issue on appeal.