# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 30, 2023

Lyle W. Cayce
Clerk

No. 22-10254

Kevin Bernstein,

*Plaintiff—Appellant*,

*versus*

Maximus Federal Services, Incorporated,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-2131

Before Stewart, Dennis, and Southwick, *Circuit Judges*.

Per Curiam:

After the EEOC closed its investigation into Kevin Bernstein's charge of discrimination, the agency issued Bernstein a right-to-sue notice. This notice, however, only reached Bernstein's attorney and not Bernstein himself. The EEOC then sent a subsequent notice acknowledging that the first had not reached Bernstein and advising him that his 90-day window in which to file suit began to run upon its—the second notice's—receipt. Bernstein filed his complaint 141 days after his attorney is presumed to have received the first notice, and 89 days after Bernstein and his attorney received the second.

No. 22-10254

The district court dismissed Bernstein's suit as untimely and held that equitable tolling was unavailable. In concluding that Bernstein's case did not present the kind of exceptional circumstances that may warrant equitable tolling, the district court failed to consider controlling precedent from this court that tolling may be available when the EEOC affirmatively misleads a claimant about the time in which he must file his federal complaint. This was an abuse of discretion. Because the court did not proceed beyond this first prong of the tolling analysis, and because the record at this motion to dismiss stage does not disclose whether Bernstein diligently pursued his rights, we VACATE the court's order dismissing Bernstein's complaint and REMAND for further development of Bernstein's claim to equitable tolling.

## I.

Kevin Bernstein was employed by Maximus Federal Services until March 7, 2019, when he was fired after being accused of sexual harassment. Bernstein filed a charge of discrimination with the EEOC on October 17, 2019, alleging that he had been sexually harassed by two female coworkers and was fired in retaliation for reporting this harassment to management. The EEOC closed its investigation into Bernstein's charge and issued a right-to-sue notice on April 12, 2021. This notice was mailed to Bernstein, his attorney, and Maximus's counsel. Bernstein's attorney received the notice, but Bernstein himself did not because "the EEOC did not have [his] correct address." Instead, the first notice was returned to the EEOC. On June 3, 2021, the EEOC reissued this notice to Bernstein using a new address. The notice was accompanied by a cover letter which stated that the 90-day filing window began to run upon the second notice's receipt. Bernstein received this letter and notice within a week of mailing and filed his complaint on September 7, 2021. He thus filed his complaint 148 days after the notice was first issued, but only 89 days after the second notice and letter were actually received by Bernstein himself.

2

No. 22-10254

In his complaint, Bernstein alleged one count of a hostile work environment and one count of retaliation for reporting harassment in the workplace, both in violation of Title VII.[1] Maximus moved to dismiss the case, arguing that Bernstein's claims were untimely. The district court agreed, finding that, under this court's caselaw, receipt by counsel initiates Title VII's 90-day filing period. Because Bernstein's complaint was filed on September 7, 2021—148 days after the notice was mailed—his claims were untimely. The court also rejected Bernstein's argument that equitable tolling should apply because the EEOC's second letter confused him about the time in which he had to file. Specifically, the court held that "the doctrine of equitable tolling does not apply in this instance" and that Bernstein "failed to meet his high burden of showing exceptional circumstances apply." Bernstein timely appealed.

## II.

We review a district court's denial of equitable tolling for abuse of discretion. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 711–12 (5th Cir. 2011). This standard of review extends to both the district court's factfinding, and its determination of the applicability of equitable tolling to those facts. *Id.*; *cf. Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002). When equitable tolling is raised as a defense to a motion to dismiss, this court "assume[s] the pleaded facts as true, and…will remand if the plaintiff has

---

[1] Bernstein's complaint also referenced Chapter 21 of the Texas Labor Code, which provides substantive protections against sex and racial discrimination in employment, and alleged that Maximus subjected him to a hostile work environment due to his national origin and religion. The district court dismissed these claims, finding that the Chapter 21 claims were time barred, and the national origin and religious discrimination claims were unexhausted. Bernstein did not oppose dismissal of these claims in the district court, and he does not challenge or discuss these rulings on appeal. "Claims not pressed on appeal are deemed abandoned." *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983).

pleaded facts that justify equitable tolling." *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002).

## III.

42 U.S.C. §2000e-5(f)(1) requires that a claimant initiate a Title VII civil action within 90 days of receiving a right-to-sue notice from the EEOC. There is no question that the 90-day period of limitation began to run upon receipt of the first notice by Bernstein's attorney. In *Ringgold v. National Maintenance Corporation*, 796 F.2d 769, 770 (5th Cir. 1986), we held "that the 90-day period of limitation established by 42 U.S.C. § 2000e–5(f)(1) begins to run on the date that the EEOC right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant." We later explained that *Ringgold*'s "constructive notice rule" is premised on Congress's "basic policy choice" that in our system of representative litigation "each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1094 (5th Cir. 1989) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962)), *aff'd sub nom. Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 92–93 (1990) (adopting Fifth Circuit's reasoning). *Ringgold*'s rule remains robust and vital today. *See, e.g.*, *Carrizal v. Brennan*, 834 F. App'x 915, 917 (5th Cir. 2020) ("Fifth Circuit precedent is clear the [Title VII] period begins upon receipt by either counsel or claimant—whomever is first."). The district court did not err in holding that Bernstein's time to file began to run when his attorney received the first notice, even though Bernstein himself did not.

Bernstein does not say exactly when his attorney received this first notice. However, his complaint alleges that the notice was mailed on April 12, 2021. In the absence of any concrete allegations to the contrary, our caselaw presumes receipt within three to seven days of the date on which it

was mailed. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). The exact number of days presumed "is . . . an open question in this Circuit," but answering that question is unnecessary in this case where, even at the high end of the presumption, Bernstein's suit was still filed 141 days after the limitations period began to run. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 266 (5th Cir. 2015) (quoting *Morgan v. Potter*, 489 F.3d 195, 196 (5th Cir. 2007)). His suit was thus untimely.

Instead, Bernstein argues, Title VII's limitations period should be equitably tolled because the EEOC's second right-to-sue notice purporting to trigger the 90-day filing window confused Bernstein as to how long he had to file. Title VII's filing period is not jurisdictional and therefore may be equitably tolled. *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010). One such situation in which equitable tolling may be warranted is when "the EEOC[] mislead[s] the plaintiff about the nature of [his] rights." *Granger*, 636 F.3d at 712. To mislead a plaintiff about the nature of his rights, "[i]t is not sufficient . . . to show that the EEOC failed to give him some relevant information; he must demonstrate that the EEOC gave him information that was affirmatively wrong." *Ramirez*, 312 F.3d at 184. Our court has held before that a "two-letter situation" like Bernstein's in which the EEOC advises a claimant in a later letter of an incorrect filing deadline is one where the EEOC has affirmatively misled the plaintiff about the nature of his rights.

In *Page v. U.S. Industries, Inc.*, 556 F.2d 346, 350–52 (5th Cir. 1977), the EEOC issued the plaintiff an initial notice stating that the agency's conciliation efforts had failed and the claimant was now authorized to sue "[i]n accordance with [§ 2000e-5(f)(1)]." It later issued a second notice stating that the EEOC would not bring a civil action on the plaintiff's behalf and that she had the right to file a complaint within 90 days of the second notice. *Id*. at 350. Our court held that, even if the first notice initiated the 90-day filing period, the plaintiff's untimely filing should be equitably tolled.

"[W]e could not ignore the misleading effect of the [second] letter," the court stated, in which "the EEOC explicitly informed [the plaintiff] that she had 90 days from the date of that letter to file suit." *Id.* at 351. The plaintiff "was entitled to rely on this seemingly authoritative statement by the agency presumed to know the most about these matters."

The same is true in this case. Bernstein's second letter incorrectly advised him that "[t]his document authorizes the recipient to commence formal legal proceedings in court at any time within 90 days after it is received by the Charging Party." This is an affirmative and "seemingly authoritative statement by the agency" upon which Bernstein was entitled to rely. *Page*, 556 F.2d at 351. Though the initial notice sent to Bernstein's attorney was adequate to initiate the filing period, the subsequent correspondence misled Bernstein about a material aspect of the time he had to file, namely when the clock began to run. In such circumstances, equitable tolling may be available. *See id.*; *see also Alvarado v. Mine Serv., Ltd.*, 626 F. App'x 66, 70–71 (5th Cir. 2015) (collecting cases). Yet the district court concluded the opposite, holding that "the doctrine of equitable tolling does not apply in this instance." By failing to recognize that our precedent establishes such a situation as an exceptional circumstance, the district court abused its discretion.

To establish equitable tolling, a plaintiff must not only show that the doctrine is applicable to his circumstances, but also that he "has vigorously pursued his action." *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992). The district court did not make any factual findings or conclusions as to this step of the test, ruling only that equitable tolling did not apply. When a district court fails to make a required factual finding, the appropriate remedy is typically vacatur and remand for further factual development. *See Mercado v. Ritz-Carlton San Juan Hotel, Spa & Casino*, 410 F.3d 41, 48–50 (1st Cir. 2005); *Oaxaca v. Roscoe*, 641 F.2d 386, 391–92 (5th Cir. Unit A Apr. 3, 1981)

(Rubin, J.) (discussing proper procedure on remand for resolving 12(b)(6) timeliness defense). Moreover, when a time limitations defense is raised in a motion to dismiss, deciding the applicability of equitable tolling based solely on the pleadings may be premature "because facts tolling the running of the statute do not necessarily appear in the complaint." *Teemac*, 298 F.3d at 456 (quoting *F.D.I.C. v. Dawson*, 4 F.3d 1303, 1308 (5th Cir. 1993)). Bernstein's complaint is silent as to his diligence. Maximus's assertions in its brief that Bernstein failed to immediately contact his attorney after receiving the second notice and that Bernstein's attorney waited until the second notice arrived to discuss the prospect of litigation with his client appear nowhere in the record. Accordingly, we vacate the district court's dismissal of Bernstein's claim and remand for further factual development.

## IV.

For the foregoing reasons, we VACATE the district court's order dismissing Bernstein's claims as untimely and REMAND for further proceedings not inconsistent with this opinion.