# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-30685
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2024

Lyle W. Cayce
Clerk

CRYSTAL STRUNK,

*Plaintiff—Appellant*,

*versus*

METHANEX USA, L.L.C.,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CV-793

---

Before KING, HAYNES, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Crystal Strunk appeals the district court's dismissal of her various claims of gender-based discrimination against her employer Methanex USA, L.L.C. The district court concluded that Strunk failed to timely file her civil suit within ninety days after receiving her Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC"). In so doing, it rejected

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

the argument that equity required tolling the period during which Strunk's physically debilitating medical condition rendered her incapable of properly pursing her legal rights under Title VII. While sympathetic to Strunk's circumstances, we cannot conclude that the district court abused its discretion by declining to apply equitable tolling. We AFFIRM.

## I.

For two years, Crystal Strunk, a chemical engineer by trade, worked for Methanex USA, L.L.C.  Strunk alleges that during that time, she was subjected to gender-based harassment, discrimination, and retaliation at the hands of her male coworkers.  Based on this conduct, Strunk timely filed charges with the EEOC and, upon her own request, both she and her attorney received a Right to Sue letter on July 14, 2022.  At the time she received her Right to Sue letter, Strunk was seven months pregnant and was "on bedrest due to preeclampsia," a disease that causes "shortness of breath, dizzy spells, headaches, fatigue, and elevated blood pressure near stroke level."

Approximately two weeks after receiving her Right to Sue letter, Strunk scheduled an appointment with her attorney.  Strunk details that, at that time, her attorney required more information (e.g., dates, facts, documents) to assess the merits of her case.  However, symptoms related to Strunk's preeclampsia curtailed her ability to speak about her case for long periods of time.  As a result, Strunk's consultation was cut short, and she decided to reschedule for approximately two weeks later.

Unfortunately, Strunk's condition deteriorated.  On August 30, 2022, her preeclampsia caused her to go into labor and have a preterm caesarean birth.  After returning home, Strunk applied for "Pregnancy/Maternity" leave with her employer.  On the leave benefits form, her physician specified that she would be "incapacitated for a single continuous period of time," but noted that the reason for her leave was that Strunk "need[ed] time off to

recover from delivery" and to "care and bond with [the] new baby." Although Strunk continued to experience symptoms of preeclampsia, her leave benefit form did not mention the disease or any symptoms resulting from it. Her leave began on August 31, 2022, and ended on October 26, 2022.

On October 12, 2022, Strunk set up a third consultation with her attorney. However, the call was cut short due to an episode of dizziness, shortness of breath, and high blood pressure. Finally, on October 13, 2022, Strunk's condition stabilized. That same day, ninety-one days after Strunk's receipt of her Right to Sue letter, Strunk called her attorney, who prepared and filed her complaint. On October 21, 2022, Methanex filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking dismissal of Strunk's untimely complaint. On September 15, 2023, the district court dismissed Strunk's claims as untimely, declining to apply the equitable tolling doctrine. Strunk timely appealed.

## II.

We review a district court's denial of equitable tolling for an abuse of discretion. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 711–12 (5th Cir. 2011). A district court abuses its discretion if "it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Perez v. Stephens*, 745 F.3d 174, 177 (5th Cir. 2014) (internal quotation omitted). "This standard of review extends to both the district court's factfinding, and its determination of the applicability of equitable tolling to those facts." *Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 969 (5th Cir. 2023). When a plaintiff raises equitable tolling as a defense to a motion to dismiss, we take her "pleaded facts as true, and . . . will remand if the plaintiff has pleaded facts that justify equitable tolling." *Id.* (quoting *Teemac v. Henderson*, 298 F.3d 452, 456 (5th Cir. 2002)).

**III.**

To assert Title VII claims in federal court, a plaintiff "must [first] exhaust administrative remedies" by filling a charge with the EEOC and receiving a statutory notice of the right to sue. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); 42 U.S.C. § 2000e-5(e)(1). Plaintiffs have "ninety days to file a civil action after *receipt* of such a notice from the EEOC." *See Taylor*, 296 F.3d at 379; 42 U.S.C. § 2000e-5(f)(1). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Taylor*, 296 F.3d at 379. However, this requirement is also subject to equitable doctrines such as tolling. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

It is undisputed that Strunk filed her suit one day after the ninety-day limitations period, rendering her action untimely on its face. However, Strunk argues that the district court erred by failing to use its equitable powers to toll the ninety-day limitation period.

We have before stated that equitable tolling applies only in "rare and exceptional circumstances." *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (quoting *Teemac*, 298 F.3d at 457). It is to be applied "sparingly," *Morgan*, 536 U.S. at 113, and the plaintiff has the burden to provide justification for the tolling, *Granger*, 636 F.3d at 712. Thus, a plaintiff is entitled to equitable tolling only if she establishes (1) that she continually and "diligently" pursued her rights, and (2) "that some extraordinary circumstance stood in [her] way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Here, we cannot conclude that the district court's ruling was based on a clearly erroneous assessment of the evidence. The district court correctly noted that *both* Strunk and her attorney promptly received the EEOC's Right

to Sue letter.  Moreover, the district court credited Strunk's argument that "[f]or the sake of the unborn baby," Strunk "was in no condition mentally or physically" to immediately file suit upon receiving her Right to Sue letter. However, the district court concluded that Strunk "failed to produce specific evidence showing that she lacked any ability whatsoever to communicate with counsel for the *entirety* of the six weeks between August 31 and October 12, 2022."

In opposition, Strunk points to her application for short-term disability, which states that Strunk was "incapacitated for a single continuous period of time," from August 31, 2022, to October 26, 2022. However, the district court *did* consider Strunk's application for short-term disability, and concluded that it supports the opposite conclusion: "Plaintiff's application for short-term disability benefits . . . indicates that she was *not* completely incapacitated, and states merely that Plaintiff 'needs time off to recover from delivery + care + bond [sic] with new baby.'"  We cannot say the district court erred by failing to equate evidence of being continuously incapacitated from *performing work* with evidence of being continuously incapacitated from *calling an attorney* to file a legal complaint. Furthermore, Strunk's application for short-term disability does not mention her preeclampsia, or any symptoms related to the condition.

Additionally, as correctly noted by the district court, "[w]e are reluctant to apply equitable tolling to situations of attorney error or neglect, because parties are bound by the acts of their lawyer." *See Granger*, 636 F.3d at 712; *see also Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 233 (5th Cir. 1999). Here, Strunk was, at all relevant points, represented by counsel. It is undisputed that Strunk had at least three, albeit short, phone conferences with her attorney during the relevant time-period. Neither Strunk nor Strunk's counsel provide sufficient evidence explaining why her counsel— who also represented her in front of the EEOC—could not have collected,

No. 23-30685

over a *six-week period*, enough information to at least *file* a complaint, especially considering that the complaint could have been amended with new information afterward. *See* FED. R. CIV. P. 15; *cf. Granger*, 636 F.3d at 712; *Hood*, 168 F.3d at 233. Thus, on this record, it appears the district court *did* consider the evidence presented by Strunk regarding her disability and her attorney's ability to pursue Strunk's claims, and we cannot say its assessment of that evidence was clearly erroneous.

AFFIRMED.