# United States Court of Appeals for the Fifth Circuit

---

No. 23-10864
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 16, 2024

Lyle W. Cayce
Clerk

Candace Searcy,

*Plaintiff—Appellant*,

*versus*

Keller Independent School District,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-493

---

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.
Per Curiam:[*]

In April 2023, Candace Searcy, proceeding pro se and in forma pauperis (IFP), filed a civil complaint against Keller Independent School District (KISD) alleging claims of employment discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2(a)).  She also alleged that her children were subjected to race-

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

based discrimination and harassment. After receiving Searcy's responses to two questionnaires, the magistrate judge (MJ) recommended that Searcy's complaint be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) as time barred. The MJ found that Searcy failed to file her federal complaint within 90 days of receiving the right-to-sue letter from the Equal Employment Opportunity Commission (EEOC), and the MJ further found that Searcy failed to show that equitable tolling was warranted. The district court adopted the MJ's findings as its own and dismissed Searcy's complaint with prejudice. This appeal followed.

Although the district court's order and judgment do not expressly state the statutory provision under which Searcy's complaint was being dismissed, we may affirm on any basis supported by the record. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). An IFP complaint asserting claims that are time barred is properly dismissed as frivolous pursuant to § 1915(e)(2)(B)(i). *See Gonzales v. Wyatt*, 157 F.3d 1016, 1019-20 (5th Cir. 1998). "Title VII . . . provides for private causes of action arising out of employment discrimination and gives federal courts subject matter jurisdiction to resolve such disputes." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 303 (5th Cir. 2018). However, 42 U.S.C. § 2000e-5(f)(1) requires that a claimant initiate a Title VII civil action within 90 days of receiving a right-to-sue notice from the EEOC. *See Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986). The 90-day filing requirement is akin to a statute of limitations and may be equitably tolled. *See Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010).

On appeal, Searcy briefly summarizes her claims that she and her children were subjected to race-based discrimination and harassment by KISD. She also asks that the appellees be served; she demands that the principal and culpable teachers be fired; and she seeks $300,000 for each instance that she and her children suffered emotional harm.

No. 23-10864

But Searcy does not challenge the basis for the district court's dismissal. She does not dispute that she filed her federal complaint more than two years after receiving her right-to-sue letter from the EEOC, nor does she raise any argument that could be liberally construed as challenging the court's equitable tolling determination. She also fails to challenge the MJ's treatment or resolution of the claims relating to her children.

We afford pro se briefs liberal construction, *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995), but even pro se litigants must brief arguments to maintain them, *see Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). When, as in this case, an appellant does not identify any error in the district court's analysis, it is the same as if the appellant had not appealed the judgment. *Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, because Searcy has not identified any error in the district court's analysis and time-bar determination, the district court's judgment is AFFIRMED.

Searcy has also filed a motion to expedite the hearing and issue a permanent protective order and a motion to vacate judgment. The motions are not relevant to the district court's ruling or this appeal, and they are DENIED.

Finally, we note that Searcy has filed—while proceeding pro se and IFP—at least one other unsuccessful action alleging similar conduct. *See, e.g.*, *Searcy v. Crowley Indep. Sch. Dist.*, No. 23-10776 (5th Cir. Oct. 24, 2023) (unpublished). We also dismissed, during the pendency of the instant appeal, two appeals in cases unrelated to Searcy's employment. *See Searcy v. Progressive Ins.*, No. 23-10422 (5th Cir. Jan. 25, 2024) (unpublished); *Searcy v. Orchard Nat'l Title*, No. 22-10122 (5th Cir. Jan. 3, 2023) (unpublished).

Under the circumstances, and in light of the baseless motions Searcy has filed in this case while proceeding IFP, Searcy is WARNED that

No. 23-10864

frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, including possible dismissal, monetary sanctions, and restrictions on her ability to file pleadings in this court and any court subject to this court's jurisdiction. *See* FED. R. APP. P. 38; *Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).