# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 8, 2024

Lyle W. Cayce
Clerk

No. 23-40379

Robbie Reynolds,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:22-CV-553

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Plaintiff Robbie Reynolds appeals the district court's grant of summary judgment to the United States on her Federal Tort Claims Act ("FTCA") claims. Finding no error, we AFFIRM.

Reynolds claims that she was involved in a motor vehicle accident with a United States Postal Service ("USPS") driver on September 19, 2020. In

_____

[*]Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 23-40379

November 2020, Reynolds submitted an administrative tort claim to the USPS, which the Postal Service denied on November 23, 2021. But Reynolds did not file her complaint for damages under the FTCA, 28 U.S.C. §§ 1346(b), 2671-2680 *et seq.*, in federal court until September 13, 2022. After further filings, the district court considered all pleadings and granted the United States's motion for summary judgment on May 25, 2023.

Reynolds now appeals, claiming that the district court erred in refusing to apply the equitable tolling doctrine to extend the statute of limitations on her FTCA claim. She also asserts that the district court violated her due process rights because she lacked sufficient notice of the United States's motion for summary judgment to be able to adequately respond by the district court's extended deadline of March 9.

"This court reviews a district court's grant of summary judgment de novo, applying the same legal standards as the district court." *Condrey v. SunTrust Bank of Ga.,* 429 F.3d 556, 562 (5th Cir. 2005). "Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *United States v. Nature's Way Marine, L.L.C.*, 904 F.3d 416, 419 (5th Cir. 2018) (quoting FED. R. CIV. P. 56(a)). Where the application of equitable tolling turns on "fact-specific, discretionary matter[s], the appropriate standard of review is abuse of discretion." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).

Under the FTCA:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

2

28 U.S.C. § 2401. "It is well-settled that these limitation periods are jurisdictional." *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998). Here, Reynolds's claims accrued on September 19, 2020—the date of the accident. Reynolds then timely presented and exhausted her administrative claims. But she failed to file her federal lawsuit by May 23, 2021—six months after she received her final denial from USPS on November 23, 2022. Thus, no federal court would have jurisdiction over Reynolds's claims unless equitable tolling is applied.

"Equitable tolling applies only in rare and exceptional circumstances." *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (quotation marks and citation omitted). "Courts have typically extended equitable tolling where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010) (quotation marks and citation omitted).

Our review of the pleadings and record confirms that the district court did not abuse its discretion in refusing to grant Reynolds the equitable tolling she claims to be entitled to because her initial attorney left her law firm and Reynolds's case then got lost in the administrative chaos. Reynolds disputes that her case amounts to "a garden variety claim of excusable neglect" in which courts are less likely to apply the principles of equitable tolling. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 458 (1990). We disagree and do not believe that the district court abused its discretion in coming to that conclusion. Reynolds insists that she was subject to administrative turnover beyond her control. But as we held in *Harris*, "negligence. . . on the part of [an] attorney and his staff does not entitle [a litigant] to equitable tolling—a party is bound by the acts of her lawyer." 628 F.3d at 240.

Concurrently, we do not agree that the district court violated Reynold's due process rights by only granting her a one-week extension. Reynolds claims that lack of notice stemmed from her attorney e-filing the documents under a fellow attorney's information because her attorney lacked the appropriate credentials to e-file in the Eastern District of Texas.  Thus, she claims her attorney did not receive the proper notification when the United States filed its motion for summary judgment, and further that the United States did not make her attorney aware of its motion despite being aware of the situation described above.  Reynolds claims that although the district was made aware of this at the status conference, she was still given only a six-day extension to file her response to the summary judgment motion.  Although the parties dispute whether Reynolds preserved this issue by timely and properly objecting to the district court, it is irrelevant to the outcome.  Because the electronic filing system provided notice to the Reynolds's attorney of record as listed on the docket sheet, the United States properly gave notice that was "reasonably calculated, under all the circumstances. *Mullane v. Hannover Bank and Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950); *see also* FED. R. CIV. P. 5(b)(2)(E).

In light of the above, we AFFIRM.