# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 17, 2024

Lyle W. Cayce
Clerk

———————

No. 23-60445

———————

Timothy M. Benton,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:22-CV-71

———————————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Timothy Benton was injured in October 2015 when his vehicle collided with a United States Army vehicle. Benton's attorney, David Valentine, timely submitted a Standard Form 95 (SF95) as required by the Federal Tort Claims Act (FTCA) on October 19, 2017. The SF95 contained a cover letter written on Valentine's law firm letterhead. There were two mailing addresses on the letterhead: The top heading

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

contained a P.O. box in Ridgeland, Mississippi, and directly below the heading was an office address, also in Ridgeland. The box on the SF95 requesting the address of Benton's personal representative—Valentine— only contained the office address. Nevertheless, the Army mailed an acknowledgement letter on October 23, 2017, only to the P.O. box. The letter informed Valentine that the FTCA permitted him to file a lawsuit on Benton's behalf six months after submitting the SF95. After Valentine inquired about the status of Benton's claim, the Army sent another letter to Valentine's P.O. box on October 24, 2018, informing him that the Army investigator assigned to Benton's case had passed away and that Benton's claim was still under review. Valentine does not deny that he received the two letters, and he does not contend that he ever requested that the Army not use the P.O. box for mailing.

Between October 24, 2018, and May 13, 2022, neither Benton nor Valentine contacted the Army about Benton's claim. Meanwhile, the Army sent a third letter by certified mail, return receipt requested, to Valentine's P.O. box on January 4, 2021, denying Benton's claim. The letter informed Valentine that if Benton was "dissatisfied with the action taken on [his] claim, he may file suit . . . no later than six months from the mailing date of this letter." The denial arrived at the P.O. box around January 17, 2021, but it was returned to the Army "unclaimed" in April 2021. Valentine asserts he did not receive the letter because he was "at high risk for contracting Covid-19" and was trying to "stay[] out of public places as much as possible." The Army made no further efforts to inform Valentine or Benton that Benton's claim had been denied.

Benton filed this lawsuit on May 13, 2022, over a year after the denial letter was sent to Valentine's P.O. box. The government moved to dismiss, arguing that Benton's claims were barred by the FTCA's statute of limitations. Benton did not dispute that he failed to comply with the timeline

for filing suit.  Rather, his only response to the government's motion was that the statute of limitations should be equitably tolled in his case.  Specifically, Benton argued, as he does on appeal, that the denial letter was ineffective because Valentine never actually received it.  Benton further asserted that the statute of limitations should be tolled because of the length of the Army's investigation, the Covid-19 pandemic, and because the Army sent the denial letter to Valentine's P.O. box instead of his office address.

In a well-reasoned 18-page order, the district court carefully considered each of Benton's arguments, but ultimately granted the government's motion.[1]  First, the district court determined that Benton's failure to receive the denial letter did not make the denial letter "ineffective" because the six-month window for filing suit under 28 U.S.C. § 2401(b) begins to run on the date of mailing, not the date of receipt.  *See Carr v. Veterans Admin.*, 522 F.2d 1355, 1356 (5th Cir. 1975).  Next, the district court found Benton's argument that the Army sent the denial letter to the P.O. box instead of the office address unavailing because "Valentine [did] not dispute that he received the two [other] letters mailed to that address" and never "requested that the [Army] not use the post office box."  As to the Covid-19 pandemic, the district court recognized the "seriousness" of Valentine's concerns but noted that Valentine offered no explanation as to why he could not have had his mail forwarded to his office or home address or made other arrangements.  Finally, the district court found that Benton had slept on his rights by only making one attempt to check on the status of his claim between

---

[1] The government filed its motion under Federal Rule of Civil Procedure 12(b)(6). However, the district court correctly treated the government's motion as a motion for summary judgment under Rule 56 because the motion contained several documents that were not part of the pleadings.  *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

October 2017 and May 2022.  Accordingly, the district court determined that equitable tolling was not warranted and dismissed Benton's claims.

"We review a district court's denial of equitable tolling for abuse of discretion." *Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 969 (5th Cir. 2023) (per curiam).  "The standard of review extends to both the district court's factfinding, and its determination of the applicability of equitable tolling as to those facts." *Id.*

Having carefully considered the briefs, the pertinent portions of the record, and the district court's well-reasoned order, we discern no abuse of discretion.  The district court's judgment dismissing Benton's claims is therefore

AFFIRMED.