United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-11332
Summary Calendar

NELDA J. TILLISON,

Plaintiff-Appellant,

versus

TRINITY VALLEY ELECTRIC COOPERATIVE INC.;
TRINITY VALLEY SERVICES INC.,

Defendants-Appellees.

**Appeal from the United States District Court
for the Northern District of Texas
(3:03-CV-2480)**

Before BARKSDALE, DENNIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Nelda Tillison filed an action against her employer, Trinity Valley Electric Cooperative, Inc., and Trinity Valley Services, Inc. (collectively, Trinity), for, *inter alia*, sex-based discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and age discrimination, in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Among other things, the district court held

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

these federal-law claims time-barred. Summary judgment was awarded Trinity.

Tillison, an employee of Trinity and its predecessors since 1967, claimed her supervisors subjected her to a sexually hostile and abusive work environment, under the direction of Trinity's General Manager and CEO. According to Tillison, because she would not participate in workplace activities concerning the improper sexually-related conduct by that individual, she was given extra work and was not given assistance in completing it; and was accused of taking too many personal telephone calls and revealing private employee information. She was formally reprimanded on 11 January 2002. Following the written reprimand and being berated by a supervisor, Tillison made an appointment with her doctor and was admitted for treatment. She never returned to work at Trinity.

Tillison visited the Equal Employment Opportunity Commission (EEOC) to file a complaint. She also filed an intake questionnaire with the Texas Commission on Human Rights (TCHR). The TCHR sent Tillison a letter informing her that it could not draft a charge because over 180 days had passed since the alleged discrimination. Later, the EEOC sent her a letter dated 6 November 2002, containing a charge of discrimination which required her signature. The letter said the charge needed to be returned within ten days for it to be accepted for investigation. It said nothing about a 300-day administrative deadline (7 November) for filing claims with the

2

EEOC.  Tillison's attorney hand-delivered the charge to the EEOC on 11 November.

After Tillison received a right to sue letter from the EEOC in July 2003, she filed this action against Trinity in district court, asserting federal and state-law claims.  Trinity's summary judgment motion was granted on 2 September 2005.  The district court held, *inter alia*, that the federal-law claims were time-barred because they were not timely filed.

Tillison claims:  (1) the 300-day filing deadline should be equitably tolled because her failure to file resulted from the EEOC's statements misleading her; and (2) her TCHR intake questionnaire was sufficient to be considered a charge of discrimination.  Because her latter contention was *not* properly raised in district court, we will not consider it.

We review a summary judgment grant *de novo*, applying the same legal standard used by the district court and making reasonable inferences in the non-movant's favor.  *E.g.*, ***Ramirez v. City of San Antonio***, 312 F.3d 178, 181 (5th Cir. 2002).  Summary judgment is appropriate if there exists "no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law".  ***Id.*** (quoting FED. R. CIV. P. 56(c)).

Under both Title VII and the ADEA, a claimant must file a charge of discrimination within 300 days of the alleged discriminatory action.  42 U.S.C. § 2000e-5(e) (Title VII); 29 U.S.C. § 626(d)(2) (ADEA).  Under the equitable-tolling doctrine,

3

failure to do so may be excused, particularly (although not exclusively) in three circumstances:  (1) a pending action between the parties in the incorrect forum; (2) the claimant's unawareness of facts supporting her claim because the defendant intentionally concealed them; and (3) the claimant's being misled by the EEOC about her rights.  ***Manning v. Chevron Chem. Co.***, 332 F.3d 874, 880 (5th Cir. 2003), *cert. denied*, 540 U.S. 1107 (2004).   The equitable-tolling doctrine is, however, "applied [only] sparingly".  ***Ramirez***, 312 F.3d at 183 (internal quotation omitted).  Further, the burden of demonstrating that it applies rests on the party invoking it.  ***Id.***

As discussed, equitable tolling may be appropriate where the plaintiff's delayed filing "was caused by 'the EEOC's misleading the plaintiff about the nature of her rights'".  ***Id.*** (quoting ***Blumberg v. HCA Mgmt. Co.***, 848 F.2d 642, 644 (5th Cir. 1988)).  "It is not sufficient for [a claimant] to show that the EEOC failed to give him some relevant information; he must demonstrate that the EEOC gave him information that was affirmatively wrong."  ***Id.*** at 184.   Further, a claimant's "ignorance of the law ... cannot justify tolling".  ***Teemac v. Henderson***, 298 F.3d 452, 457 (5th Cir. 2002).

Tillison's failure to file within 300 days should not be excused because she has not met her burden of demonstrating a basis for equitable tolling.  *See* ***Ramirez***, 312 F.3d at 183.  To support

her claim that the EEOC misled her about her rights, she points to the EEOC's letter, which stated that "failure to sign and return the enclosed charge within ten (10) days from the date of this letter will result in the charge not being accepted for investigation". The 6 November 2002 letter, despite failing to inform her of the fast-approaching 300-day deadline (7 November), did not provide any erroneous information. That the letter could mislead Tillison into believing she had another ten days to file her charge is not sufficient for equitable tolling. *See* **Ramirez**, 312 F.3d at 184. Tillison's ignorance of the law also does not justify tolling. *See* **Teemac**, 298 F.3d at 457. In sum, Tillison has failed to provide evidence needed to create a material fact issue concerning whether the EEOC misled her.

*AFFIRMED*