# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 10, 2026

Lyle W. Cayce
Clerk

No. 25-11149
Summary Calendar

———————

SHAKKA SHANEAK JAMES,

*Plaintiff—Appellant*,

*versus*

ALORICA, INCORPORATED; TRUE COVERAGE, L.L.C.,

*Defendants—Appellees*.

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:25-CV-1855

———————

Before DAVIS, JONES, and HO, *Circuit Judges*.

PER CURIAM:*

Plaintiff-Appellant Shakka Shaneak James, appearing pro se and in forma pauperis, appeals after the district court dismissed her employment-discrimination claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We AFFIRM.

———————

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-11149

As relevant to this appeal, James's governing complaint asserts discrimination claims against her former employers, Alorica Inc. and True Coverage LLC.[1] It alleges True Coverage violated Title VII and the Age Discrimination in Employment Act (ADEA)[2] and that Alorica violated 42 U.S.C. § 1981. The complaint concedes James did not administratively exhaust the Title VII and ADEA claims but contends, without corroborating allegations, that equitable tolling applies.

A magistrate judge screened the complaint[3] and recommended that its employment claims be dismissed for failure to exhaust and to satisfy federal pleading standards. James timely objected but the district judge adopted the R&R and dismissed Alorica and True Coverage from the case.[4] James timely appealed. We apply the de novo standard of review that applies to dismissals under Rule 12(b)(6).[5]

We first address the claims against True Coverage. An employee asserting Title VII or ADEA claims must exhaust administrative remedies before suing in federal court. That means James had to file "a timely charge with the EEOC"[6] within 300 days of the adverse employment actions she

---

[1] The complaint also asserts retaliation claims against the former employers, but James forfeited those claims by failing to brief them on appeal. *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). The complaint also asserts non-employment claims against Fidelity Brokerage Services, LLC. After Alorica and True Coverage were dismissed and the claims against Fidelity narrowed in the district court, James voluntarily dismissed her suit without prejudice to refile in state court.

[2] *See* Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621–634.

[3] *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[4] *See* Fed. R. Civ. P. 54(b).

[5] *See Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam).

[6] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).

experienced at True Coverage.[7] But James twice conceded in the district court—once in her complaint and again in response to a court questionnaire—that she did not. Given her concessions, the district court had no alternative but to dismiss the claims against True Coverage for failure to exhaust administrative remedies.[8]

James argues that equitable tolling saves her claims against True Coverage. Equitable tolling can, in limited circumstances, extend the time to file an EEOC charge beyond the 300-day administrative period.[9] But tolling extends the deadline to file a charge; it does not substitute for filing one. Because James never submitted a charge, there was never a deadline to toll, and the exhaustion requirement remains unsatisfied. The Title VII and ADEA claims were properly dismissed for failure to exhaust.

Unlike the True Coverage claims, the § 1981 claim against Alorica does not require exhaustion.[10] To state a claim under that statute, employees must "allege that (1) they are members of a racial minority; (2) Defendants intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated" in that law—here, the

---

[7] *See* 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(e); *Tillison v. Trinity Valley Elec. Co-op. Inc.*, 204 F. App'x 346, 348 (5th Cir. 2006) (per curiam) ("Under both Title VII and the ADEA, a claimant must file a charge of discrimination within 300 days of the alleged discriminatory action.").

[8] *See Fort Bend Cnty. v. Davis*, 587 U.S. 541, 549 (2019) (stating that administrative exhaustion is "'mandatory' in the sense that a court must enforce the rule if a party 'properly raise[s]' it," which James's complaint does in this case).

[9] *See Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003).

[10] *See Caldwell v. Nat'l Brewing Co.*, 443 F.2d 1044, 1046 (5th Cir. 1971). James argues the district court improperly imposed an exhaustion requirement on her § 1981 claim, but we find no merit to that contention.

hiring, termination, pay, or terms of employment.[11] They must also plead facts giving rise to a plausible inference that race was the but-for cause of the adverse employment action at issue.[12]

The district court dismissed the § 1981 claim because James failed to plead facts about Alorica's discriminatory intent and causation. We agree the complaint fails on this ground: it alleges only adverse employment actions that James experienced at Alorica—auditory disruptions, harassment, reassignment, denial of promotions, "systemic sabotage," and a since-reimbursed underpayment. Nothing in the complaint connects these employment actions to James's race or ethnicity, and its lone mention of race discrimination—that James "was subjected to race-based discrimination . . . for reporting unlawful discriminatory conduct and racially hostile treatment in the workplace"—is too conclusory to credit.[13] Because the complaint alleges only adverse employment actions untethered to James's race or ethnicity, it fails to plead discriminatory intent and causation and was properly dismissed.

Finally, James complains that the district court denied her leave to seal portions of her IFP application. We review that ruling for abuse of discretion and find none.[14] The district court's judgment is AFFIRMED in all respects.

---

[11] *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017).

[12] *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 341 (2020).

[13] *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

[14] *See United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689 (5th Cir. 2010).